(based on the testing results and the assessments of Carl's teachers and other professionals) that Carl did not have the requisite extreme limitation in one of these areas or marked limitation in two, *see* 20 C.F.R. § 416.926a(b)(2), (c)(3)(i) (2000) (requirements and definitions).

Carla's remaining arguments provide no basis for reversal. Accordingly, we affirm.

exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). Because Marshall was not incarcerated or detained when he filed his complaint, we reverse and remand to the district court to consider his case on its merits. *See Doe v. Washington County,* 150 F.3d 920, 924 (8th Cir.1998). We decline to affirm the judgment on a basis not considered by the district court. *See Cavegn v. Twin City Pipe Trades Pension Plan,* 223 F.3d 827, 831 (8th Cir.2000). We also deny Marshall's pending motion.

**William Frank MARSHALL, Appellant,**

v.

**Don HOLLOWAY, Sheriff of Pennington County, South Dakota, Appellee.**

No. 02–1841.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 1, 2002.

Filed Aug. 14, 2002.

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit Judges.

PER CURIAM.

William Marshall appeals from the district court's adverse grant of summary judgment and dismissal without prejudice of his 42 U.S.C. § 1983 claim. The district court determined that Marshall failed to

**Steven E. CROWN, Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, Appellee.**

No. 01–1159NE.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 6, 2002.

Filed Aug. 15, 2002.

Before RILEY, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

[Not To Be Published.]

PER CURIAM.

This is an action brought by Steven E. Crown against his former employer, Union Pacific Railroad Company. The District